FILED
SUPERIOR COURT
OF GUAM

2019 NOV 25 PM 12: 02

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                            Plaintiff,<br><br>vs.<br><br>MARK A. TORRE, JR.,<br><br>                            Defendant. | Criminal Case No. CF0421-15<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo on Defendant Mark A. Torre, Jr.'s ("Torre") Motion to Dismiss the Amended Indictment. Torre is represented by Attorney Joaquin C. Arriola, Jr. The People of Guam ("People") are represented by Assistant Attorney General J. Basil O'Mallan III. Having reviewed the record and the arguments presented, the Court now issues the following Decision and Order **DENYING** Torre's Motion.

## FACTS

1. On July 24, 2015, a grand jury returned an Indictment charging Torre with the following: (1) Murder (as a First Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; (2)

Manslaughter (as a First Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; (3) Aggravated Assault (as a Second Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; and (4) Aggravated Assault (as a Third Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony.

2. This matter went to jury trial on January 31, 2017. Prior to deliberations, the Court instructed the jury that if they found Torre not guilty of Manslaughter (as a First Degree Felony), they may consider the lesser included charge of Negligent Homicide (as a Third Degree Felony).

3. The jury returned its verdicts on March 2, 2017. Torre was acquitted of Murder (as a First Degree Felony), Manslaughter (as a First Degree Felony), and Aggravated Assault (as a Second Degree Felony), together with all Special Allegations attached to those counts. Torre was convicted of Negligent Homicide (as a Third Degree Felony) (as a lesser included offense of Manslaughter), with Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, and Aggravated Assault (as a Third Degree Felony), with Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony.

4. Torre subsequently appealed his convictions and on July 31, 2019, the Supreme Court of Guam issued an opinion in *People v. Torre*, 2019 Guam 9. In its opinion, the Supreme Court held that this Court had improperly admitted certain evidence during Torre's trial, and therefore vacated the Judgment of Conviction. Specifically, the Supreme Court ruled that Torre was subject to a custodial interrogation without being

read his *Miranda* rights, and the trial court erred by admitting Torre's statements made during the interrogation.

5. On August 7, 2019, the People filed a Motion to Amend Indictment along with a proposed Amended Indictment. The People sought to remove the charges of which Torre was acquitted (Murder (as a First Degree Felony), Manslaughter (as a First Degree Felony), and Aggravated Assault (as a Second Degree Felony)) and add the charge of Negligent Homicide (as a Third Degree Felony), which was not included in the initial Indictment but still considered by the jury as a lesser included offense of Manslaughter. The Court granted the People's motion and the People subsequently filed an Amended Indictment on October 4, 2019.

6. On October 8, 2019, Torre filed a Motion to Dismiss the Amended Indictment. The People filed an Opposition on October 21, 2019. On October 29, 2019, Torre filed a Reply.

## ISSUES

1. Whether the grand jury's 2015 initial finding of probable cause is invalid because the grand jury was presented with Torre's statements which have since been suppressed by the Guam Supreme Court on Fifth Amendment grounds.

2. Whether the People failed to present exculpatory evidence to the grand jury related to the charge of Negligent Homicide.

## PRINCIPLES OF LAW

"A felony prosecution requires an indictment upon a probable cause determination by a grand jury." *People v. Villapando. et al.*, 1999 Guam 31 ¶ 36. If based on all evidence presented at the proceeding, there is reasonable cause to believe that a defendant committed an indictable

offense, the grand jury shall find an indictment, 8 G.C.A. § 50.54(b). Dismissal of an indictment due to defects in grand jury proceedings is "the most drastic remedy, and thus is rarely used." *United States v. Dyman*, 739 F.2d 762, 768 (2d Cir.1984), *cert. denied* (1985).

**A. A grand jury's reliance on evidence later found to be inadmissible under the Fifth Amendment**

Guam law provides that "[t]he grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury." 8 G.C.A. § 50.42.

The United States Supreme Court has consistently held that an indictment is not invalid simply because it was secured using evidence obtained in violation of the Fifth Amendment. "The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination . . ." *United States v. Calandra*, 414 U.S. 338, 344–45 (1974) (internal citations omitted). "[A]lthough the grand jury may not force a witness to answer questions in violation of [the Fifth Amendment's] constitutional guarantee against self-incrimination, our cases suggest that an indictment obtained through the use of evidence previously obtained in violation of the privilege against self-incrimination is nevertheless valid." *United States v. Williams*, 504 U.S. 36, 49 (1992) (internal quotations and citations omitted). *See also Lawn v. United States*, 355 U.S. 339, 349 (1958) (noting that a grand jury indictment, if valid on its face, will not be dismissed even if possibly based on

evidence taken in violation of a defendant's Fifth Amendment right against self-incrimination); *Holt v. United States,* 218 U.S. 245, 247-48 (1910) (upholding indictment which was based partially on incompetent evidence of admissions made by defendant). When statements are involuntarily taken from a defendant, "[t]he exclusion of unwarned statements" at trial "is a complete and sufficient remedy for any perceived Miranda violation." *United States v. Patane,* 542 U.S. 641, 642 (quoting *Chavez v. Martinez,* 538 U.S. 760, 790 (2003)).

**B. The People's obligation to present exculpatory evidence in grand jury proceedings**

Under Guam law, a prosecuting attorney has the affirmative duty to submit "any evidence in his possession which would tend to negate guilt" at a grand jury proceeding. 8 G.C.A. § 50.46; *see also People v. Sablan,* D.C. Crim. No. 85-0024A, 1986 WL68900 a \*3 (D. Guam App. Div. Oct. 24, 1986). However, an indictment will be dismissed only if the People's failure to disclose exculpatory evidence "results in substantial prejudice." *People v. Becerra,* 165 Cal. App. 4th 1064, 1070 (2008). The prosecution is not required to present exculpatory evidence to the grand jury unless that evidence is clearly exculpatory. *State v. Bell,* 60 Haw. 241, 242 (1978). When a defendant challenges a grand jury indictment before trial, the court must determine whether a reasonable probability exists that "a properly informed jury would have declined to find probable cause to indict had it known of the omitted evidence." *Berardi v. Superior Court,* 149 Cal. App. 4th 476, 495 (2007). Further, courts are not required to hold a "preliminary trial to determine the competency and the adequacy of the evidence before the grand jury." *Costello v. United States,* 350 U.S. 359, 363 (1956).

In *Williams,* 504 U.S. 36, 55, the United States Supreme Court held that under no circumstances could a federal court dismiss an indictment on the ground that the prosecutor had failed to present exculpatory evidence to the grand jury. This holding has not, however, been

universally adopted by state courts when interpreting state laws regarding prosecutorial conduct at grand jury proceedings. *State v. Hogan*, 676 A.2d 533, 540 (N.J. 1996); *Berardi*, 149 Cal. App. 4th at 493 ("Because the right to disclosure of exculpatory evidence at grand jury proceedings is derived from state law, there is no basis to apply the stricter federal constitutional standard for prejudice.")

## ANALYSIS

**A. The grand jury's finding of probable cause is valid despite the subsequent suppression of Torre's incriminating statements.**

*1. A finding of probable cause is valid despite being based upon evidence obtained in violation of the Fifth Amendment.*

Torre argues that the grand jury's finding of probable cause is invalid because it was based upon incriminating statements which have since been suppressed. The Supreme Court of Guam held that Torre was subject to a custodial interrogation without being read his *Miranda* rights. Certain incriminating statements made by Torre during that interrogation were admitted against him during his initial trial, violating his Fifth Amendment rights. Those same statements had previously been presented to the grand jury in securing the Indictment against Torre, who now argues that the grand jury's finding of probable cause is therefore unsupported by competent evidence.

The precedent set by the United States Supreme Court makes clear that a grand jury may rely upon evidence which was obtained in violation of a defendant's Fifth Amendment rights. The Court therefore holds that the Indictment against Torre is valid despite the fact that statements subsequently suppressed on Fifth Amendment grounds were presented to the grand jury.

## 2. *The grand jury would have found probable cause without the suppressed statements.*

Although the Court holds that that the grand jury may rely on evidence obtained in violation of the Fifth Amendment, the Court will nonetheless entertain Torre's argument that "[w]ithout the suppressed statements . . . the Grand Jury's 2015 initial finding of probable cause is otherwise unsupported by competent evidence." Mot. to Dismiss at 1 (Oct. 8, 2019). The Court disagrees.

Torre cites to *People v. Sherwin*, 98 Cal. Rptr. 2d 888 (Cal. Ct. App. 2000) to support his argument that a charge must be dismissed if it was brought pursuant to the presentment of evidence which was later suppressed. The *Sherwin* court held that where a defendant has been indicted based on evidence which is ruled to have been illegally, the defendant must have an opportunity to receive a determination whether the indictment rests upon competent, legally obtained evidence. *Id.* at 892. The *Sherwin* Court did not reach the issue of whether an indictment is valid if based upon both competent and incompetent evidence. Torre further cites to *United States v. Huberts*, 637 F.2d 630, 639 (9th Cir. 1980). However, the *Huberts* court reviewed a complete transcript of the grand jury proceeding and found that that no suppressed evidence was presented. *Id.* at 639. The court therefore did not reach the issue of whether the indictment would have been dismissed had suppressed evidence been considered by the grand jury. *Id.*

Other cases from the California Supreme Court suggest that subsequent suppression of evidence can constitute grounds for dismissal of an indictment only if a grand jury relied solely on the suppressed evidence when finding probable cause. "If the illegally obtained evidence is the *sole basis* of an indictment or information, defendant is held without reasonable or probable cause; his motion to set aside the accusatory pleading should be granted by the court...." *People*

*v. Valenti*, 49 Cal.2d at p. 203, 316 P.2d 633 (emphasis added). *See also People v. Govea*, 235 Cal. App. 2d 285, 305 (Ct. App. 1965) (*"All of the evidence* introduced against defendant Corona Macias was the product of the initial illegal arrest and search . . . *Where no competent evidence has been presented* to the grand jury to support a reasonable belief that the defendant is guilty of the offense charged, the indictment must be set aside on appropriate motion . . .") (internal citations omitted) (emphasis added).

Torre seems to ignore the numerous pieces of evidence presented to the grand jury which could independently justify a finding of probable cause. The grand jury heard testimony from Guam Police Officer Mary Jane Raval, who testified that her investigation had revealed that Torre and the victim left a bar together at some time between 1:30 a.m. and 2:00 a.m. in the victim's truck. Grand Jury Proceedings at 10:42:40 – 10:43:00 (July 24, 2015). Between 2:00 a.m. and 2:30 a.m., Torre and the victim were seen alone together at Torre's residence. *Id.* at 10:43:10 – 10:43:35. At 2:16 a.m., the victim called 911 for help. *Id.* at 10:43:25 – 10:43:35. Between 2:30 a.m. and 3:00 a.m., officers arrived to the scene and at 3:22 a.m. the victim was pronounced dead from a gunshot wound. *Id.* at 10:43:38 – 10:44:05. Investigator Anthony Vince Camacho of Prosecution Division read a transcript of the 911 calls made by the victim, in which he first stated, "I was shot," and later stated "I'm dying, I'm dying. He shot me, he shot me." *Id.* at 3:31:10 – 3:31:15; 3:36:04-3:36:15. The grand jury then heard a recording of the 911 calls. *Id.* at 3:40:16 – 3:50:04.

Based upon the entire record of evidence heard by the grand jury, the Court finds that even if Torre were correct in asserting that his suppressed statements could not be considered by the grand jury, the competent evidence heard by the grand jury was sufficient to independently support a finding of probable cause that Torre negligently caused the death of another person.

**B. The People did not fail to present exculpatory evidence to the grand jury.**

Next, Torre argues that evidence presented at trial during his case-in-chief constitutes exculpatory evidence which was not been presented to a grand jury. In particular, Torre identifies the testimony from forensic pathologist Dr. Joseph Cohen, psychiatrist Dr. Pablo Steward, and defense investigator Agnes Blas.

Under Guam law, a prosecutor has the affirmative duty to submit "any evidence *in his possession* which would tend to negate guilt" at a grand jury proceeding. 8 G.C.A. § 50.46 (emphasis added). The evidence which Torre argues is exculpatory is evidence which was produced at trial, and therefore was not in the People's possession during the grand jury proceedings. Torre argues that allowing the People to amend the Indictment without going before another grand jury excused the People from presenting this exculpatory evidence related to the charge of Negligent Homicide, which was not explicitly charged in the initial Indictment.

The Court has previously determined that Negligent Homicide is a lesser-included offense of Murder and Manslaughter. Dec. and Order at 5-6 (Sep. 26, 2019). When the grand jury indicted Torre for Murder and Manslaughter, it implicitly indicted him for the lesser-included charge of Negligent Homicide. *Id.* at 7. The People are not being excused from presenting exculpatory evidence related to the Negligent Homicide charge, but were instead required to present any such evidence at the time Torre was charged with Murder and Manslaughter. Torre has not argued that the People failed to present exculpatory evidence in their possession at the time of the initial grand jury proceedings, but instead argues that the People must go before a grand jury a second time and present the exculpatory evidence which was introduced at trial. The adoption of Torre's position would lead to the untenable result in which every post-trial remand of a criminal charge would require the defendant to be re-indicted

by a grand jury presented with all of the evidence which was produced at trial on behalf of the defendant.

CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Torre's Motion to Dismiss the Amended Indictment.

SO ORDERED, this 25ᵗʰ day of November 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_____
2) Murian Law Firm

Date: NOV 2 5 2019    Time: 12:15

_____
Deputy Clerk, Superior Court of Guam